IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEIVLLE DIVISION
1:16-cv-00015-FDW

| | |
|---|---|
| IAN SCOTT BANKS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| LT. ARIS MCCALL | ) |
| Transylvania County | ) |
| Sheriff's Office, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the Court on consideration of the petition for a writ of habeas corpus which Petitioner filed pursuant to 28 U.S.C. § 2241.

Petitioner is a pretrial detainee who is presently detained in the Transylvania County Detention Center. According to the website of the North Carolina Administrative Office of Courts, Petitioner is awaiting trial on one count of misdemeanor resisting a public officer, in violation of N.C. Gen. Stat. § 14-223; one count of misdemeanor second-degree trespass, in violation of G.S. § 14-159.13; and one count of misdemeanor consumption of a malt beverage at an off-premise establishment, in violation of G.S. § 18B-300(b). Petitioner's next court date is February 4, 2016.

In his complaint, Petitioner contends that he was arrested without probable cause and is being unlawfully detained. In his claim for relief, Petitioner seeks order that would require defendant Lt. Aris McCall, whom Petitioner identifies as the "Ward of the

Transylvania County Detention Center," to immediately release him. (1:16-cv-00015, Doc. No. 1 at 8).

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court cautioned federal courts against interfering with ongoing state judicial proceedings "unless extraordinary circumstances so warrant." <u>Martin Marietta Corp. v. Maryland Comm'n on Human Relations</u>, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431-32 (1982); <u>Younger</u>, 401 U.S. at 43, 45).

Petitioner challenges the fairness of his criminal proceeding but his allegations are merely conclusory and do not support federal intervention in his state criminal case. <u>See</u> <u>Gilliam v. Foster</u>, 75 F.3d 881, 903 (4th Cir. 1996) (federal courts may not intervene in an ongoing State criminal proceeding unless there has been a "showing of bad faith, harassment, *or any other unusual circumstance that would call for equitable relief*." (quoting <u>Younger</u>, 401 U.S. at 54) (emphasis in original).

For the foregoing reasons, the petition for habeas relief will be dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2241 petition is **DISMISSED**.

The Clerk is respectfully directed to close this civil case.

**SO ORDERED.**

Signed: January 25, 2016

Frank D. Whitney
Chief United States District Judge